## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **AHSANULLAH HAMEEDI,** | ) |
|  | ) |
| **Plaintiff,** | ) **Civil Action No.** |
|  | ) |
| **v.** | ) |
|  | ) |
| **HIRERIGHT, LLC and** | ) |
| **LYFT, INC.,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Ahsanullah Hameedi, against Defendants HireRight, LLC ("HireRight") and Lyft, Inc. ("Lyft") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.

### THE PARTIES

1. Plaintiff Ahsanullah Hameedi is an adult individual residing in Mesquite, Texas.

2. HireRight is a Delaware limited liability company that is registered to conduct business in the Commonwealth of Pennsylvania.

3. Lyft is a Delaware business corporation that is registered to conduct business in the Commonwealth of Pennsylvania.

### JURISDICTION & VENUE

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) & (2) because Defendants possess sufficient contacts with this District to be deemed to reside here.

**FACTUAL ALLEGATIONS**

6. Plaintiff is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

7. HireRight is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

8. Hireright is engaged in the sale of employment reports which it calls the "Industry Sharing Saftey Program."

9. These reports include "alerts" reported by "Transportation Network Companys" ("TNC") about employees who have been deplatormed for supposedly engaging in sexual misconduct, sexual violence or a physical assault fatality.

10. The reports sold by HireRight are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

11. Lyft is a TNC who participates in reporting the above stated "alerts" to Hireright and as such is a "furnisher" as that term is defined by the FCRA. 15 U.S.C. §1681s-2(b).

12. Hireright does not collect any information regarding the "alerts" other than the name and personal identifiers of the deplatformed employee and has no clear understanding about whether the alerts reported by TNC are accurate.

13. In doing so, Hireright completely frustrates an employee's ability to know what has been reported about him because the employee can only see on the report that an "alert" has been report, but the employee does not even know that date, specific ride, or allegation made against him.

14. Hireright's action of consciously failing to collect useful information about the alert completely frustrates the employee's ability to dispute because he has no idea what has been alleged against him.

15. Moreover, Lyft cooperates with Hireright in frustrating Plaintiff's ability to dispute these "alerts" by failing to provide employees with any information about the allegations against them both at the time they are deplatformed and when the receive disputes from employees.

16. Lyft and Hireright further both conduct no investigations when employees dispute into the veracity of the allegations made against the employee.

17. In this case, Lyft has been reporting false and derogatory relating to Plaintiff to Hireright (hereafter the "inaccurate information").

18. The inaccurate information includes an Industry Sharing Safety Program Alert as described above.

19. Plaintiff has never engaged in and conduct during his employment with Lyft that would serve as ground to report such an alert about him.

20. HireRight has been reporting the inaccurate information through the issuance of consumer reports that it has disseminated to various third parties, including Uber Technologies, Inc in or around December 2025.

21. As a direct result of Defendants' publishing this inaccurate information, Uber Technologies, Inc. refused to hire Plaintiff, and Plaintiff has been effectively blacklisted from any TNC related jobs.

22. This inaccurate information has negatively reflects upon Plaintiff's character and work performance.

3

23. Plaintiff disputed the inaccurate information in December 2025 with HireRight by following HireRight's established procedures for disputing consumer information.

24. HireRight provided Lyft with notice of Plaintiff's disputes.

25. HireRight negligently and recklessly failed to conduct reasonable investigations of Plaintiff's disputes by, *inter alia*, failing to conduct any investigation at all, failing to review and consider information submitted by Plaintiff, and failing to properly discern whether the information submitted by Lyft was verifiable.

26. Lyft also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiff's disputes from HireRight, *inter alia*, by failing conduct any investigation at all, failing to properly review and consider information submitted by Plaintiff, failing to take any statement from Plaintiff regarding the incident, and failing to provide Plaintiff with information about the incident so he could meaningfully respond to the allegations.

27. HireRight sent Plaintiff correspondence indicating that no changes will be made to the disputed record and signaling its intent to continue publishing the inaccurate information.

28. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment and income, time spent disputing, harm to reputation, emotional distress, humiliation, and embarrassment.

29. At all times pertinent hereto, the conduct of the Defendants was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT I – HIRERIGHT
## VIOLATIONS OF THE FCRA

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. HireRight violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Plaintiff as described above. 15 U.S.C. § 1681e(b).

32. HireRight also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681i(a).

33. The conduct of HireRight was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

34. As a result of the violations of the FCRA by HireRight identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## COUNT II – LYFT
## VIOLATIONS OF THE FCRA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Lyft violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681s-2(b).

37. The conduct of Lyft was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

38. As a result of the violations of the FCRA by Lyft identified herein, Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n, 1681o.

## JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

GREGORY GORSKI
PA Attorney ID: 91365
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: June 5, 2026